UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ENVIRONMENTAL DEFENSE, | ) | No. C-06-4273 SC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| v. | ) | DEFENDANTS' MOTION |
| | ) | FOR SUMMARY JUDGMENT |
| UNITED STATES ENVIRONMENTAL | ) | AND DENYING |
| PROTECTION AGENCY, STEPHEN L. | ) | PLAINTIFF'S CROSS- |
| JOHNSON, Administrator of the | ) | MOTION FOR SUMMARY |
| United States Environmental | ) | JUDGMENT |
| Protection Agency, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I.  <u>INTRODUCTION</u>**

Plaintiff Environmental Defense ("Plaintiff") brought this action against the United States Environmental Protection Agency (the "EPA") and its Administrator Stephen L. Johnson (the "Administrator"; collectively "Defendants").  Plaintiff alleges two causes of action: (1) the EPA failed to comply with its nondiscretionary duty to meet statutory deadlines contained in Section 213(a) of the Clean Air Act ("CAA"), 42 U.S.C. § 7547(a), and Public Law 108-199, Div. G, Title IV, § 428(b); (2) the Administrator violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b), by unreasonably delaying in carrying out the nondiscretionary duty to propose and publish new regulations for certain small spark-ignition engines.

Presently before the Court is Defendants' Motion for Judgment on the Pleadings, Plaintiff's Opposition, and Defendants' Reply.

United States District Court
For the Northern District of California

Pursuant to the parties' stipulation, the Court will treat the documents as cross-motions for summary judgment on liability.  <u>See</u> Docket No. 22.  For the reasons stated herein, the Court hereby GRANTS Defendants' Motion for Summary Judgment on liability and DENIES Plaintiff's Cross-Motion for Summary Judgment on liability.

## II.  **BACKGROUND**

The Clean Air Act is intended "to protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population." 42 U.S.C. § 7401(b)(1).  Title II of the CAA provides the Administrator with the authority to institute national emission standards for mobile sources of air pollution.  42 U.S.C. § 7521-7590.  In 1990, Congress added Section 213, 42 U.S.C. § 7547, which authorizes the EPA to study and implement emission standards for new nonroad engines and vehicles.  42 U.S.C. § 7547.  In a 2004 appropriations bill ("Section 428(b)"), Congress set deadlines for the EPA to propose and publish regulations under Section 213(a) for new nonroad spark-ignition engines of less than 50 horsepower.  Consolidated Appropriations Act, 2004, Pub. L. No. 108-199, Div. G, Title IV, § 428(b), 118 Stat. 3, 418 (Jan. 23, 2004).  The relevant provision states:

> (b) Not later than December 1, 2004, the Administrator of the Environmental Protection Agency shall propose regulations under the Clean Air Act that shall contain standards to reduce emissions from new nonroad spark-ignition engines smaller than 50 horsepower. Not later than December 31, 2005, the Administrator shall publish in the Federal Register final regulations containing such standards.

Section 428(b).  In 2005, Congress directed the EPA not to publish

2

the Section 428(b) regulations until it had completed and
published a safety study:

> None of the funds provided in this Act or any other Act may
> be used by the Environmental Protection Agency (EPA) to
> publish proposed or final regulations pursuant to the
> requirements of section 428(b) of division G of Public Law
> 108-199 until the Administrator of the Environmental
> Protection Agency, in coordination with other appropriate
> Federal agencies, has completed and published a technical
> study to look at safety issues, including the risk of fire
> and burn to consumers in use, associated with compliance with
> the regulations. Not later than 6 months after the date of
> enactment of this Act, the Administrator shall complete and
> publish the technical study.

Appropriations Act, 2006, Pub. L. No. 109-54, Title II, § 205, 119
Stat. 499, 532 (Aug. 2, 2005) ("Section 205").  On March 17, 2006,
the Agency published the technical study required by Section 205,
which concluded that "new emission standards would not increase
the risk of fire and burn to consumers in use."  EPA Technical
Study on the Safety of Emission Controls for Nonroad Spark-
Ignition Engines > 50 Horsepower, # EPA420-R-06-006 (March 2006),
at p. 3, available at http://www.epa.gov/otaq/equip-ld.htm#regs.
To date, the EPA has not published the proposed or final
regulations as required by Section 428(b).  Plaintiff notified
Defendants of its intent to sue, Compl. ¶ 18, and filed the
present action on July 12, 2006.  Compl., Docket No. 1.


III.  **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party is

3

1  entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

2  Material facts are those that may affect the outcome of the case.

3  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, (1986).

4

5  **IV.  DISCUSSION**

6      In this case, there is no dispute that the EPA has not

7  published the proposed or final regulations containing emission

8  standards for new nonroad spark-ignition engines smaller than 50

9  horsepower, nor as to any other material facts.  Since the only

10  issue raised is a question of statutory interpretation, it is

11  appropriate to decide the issue on summary judgment.  See Cal.

12  Dep't of Toxic Substances Control v. Alco Pac., Inc., 317

13  F.Supp.2d 1188, 1191 (C.D. Cal. 2004).

14      **1. Plaintiff's nondiscretionary duty claim**

15      Plaintiff's first claim alleges that the EPA violated its

16  nondiscretionary duty to propose and finalize emission standards

17  for nonroad spark-ignition engines as prescribed in Section

18  428(b).  See Compl. at ¶¶ 15-20.  Plaintiff's claim arises under

19  42 U.S.C. § 7604(a)(2), which authorizes individual civil suits

20  when the Administrator has failed to perform a nondiscretionary

21  duty.  See 42 U.S.C. § 7604(a)(2).  For the Court to find a

22  nondiscretionary duty, the statute must "'categorically mandate'

23  that all specified action be taken by a date-certain deadline."

24  Sierra Club v. Thomas, 828 F.2d 783, 791 (D.C. Cir. 1987)

25  (emphasis in original).  In other words, courts must determine

26  "whether the agency failed to comply with a date-certain statutory

27  deadline."  Defenders of Wildlife v. Browner, 888 F.Supp. 1005,

28

4

United States District Court
For the Northern District of California

1008 (D. Ariz. 1995).  However, "statutory provisions which do not set bright-line deadlines fall outside the reach of a citizen's suit." Id.

The parties do not dispute that Section 428(b) mandated specific EPA action by date-certain deadlines, giving rise to a nondiscretionary duty.  Rather, the key point of dispute is whether Section 205 repealed the deadlines in Section 428(b), eliminating the Administrator's nondiscretionary duty to publish the regulations.

Defendants contend that the deadlines in Section 428(b) were nullified by the Congressional mandate in Section 205.  Defs.' Mot. at 5.  Section 205 did not explicitly repeal the deadlines for proposing and publishing the new emission standards, however, the deadlines may be repealed by implication.  "There can be no doubt that Congress could suspend or repeal the authorization contained in [its prior legislation]; by an amendment to an appropriations bill, or otherwise." United States v. Dickerson, 310 U.S. 554, 555 (1940).

Implied repeals are only available in two situations: "where the provisions in two statutes are in 'irreconcilable conflict,' or where the latter Act covers the whole subject of the earlier one and 'is clearly intended as a substitute.'" Branch v. Smith, 538 U.S. 254, 273 (2003) (quoting Posadas v. National City Bank, 296 U.S. 497, 503 (1936)).  However, "absent a clearly expressed congressional intention, repeals by implication are not favored." Branch v. Smith, 538 U.S. at 273 (internal citations and quotations omitted).

**United States District Court**
For the Northern District of California

The disfavor for repeals by implication "applies with even greater force when the claimed repeal rests solely on an Appropriations Act." Tennessee Valley Authority v. Hill, 437 U.S. 153, 190 (1978) (emphasis in original). However, "Congress nonetheless may amend substantive law in an appropriations statute, as long as it does so clearly." Robertson v. Seattle Audubon Soc'y, 503 U.S. 429, 440 (1992). Moreover, because this case involves a conflict between two appropriations acts, not between an appropriations act and a piece of substantive legislation, Tennessee Valley Authority is distinguishable. Section 205 stated that the EPA could not use any funds "to publish proposed or final regulations pursuant to the requirements of section 428(b)" until it "has completed and published a technical study to look at safety issues . . . associated with compliance with the regulations." Section 205, 119 Stat. at 532. Congress ordered the EPA to complete and publish the technical study within 6 months, meaning by February 2, 2006. Id. The plain language of Section 205 indicates that the EPA could not publish emission standards until the technical study was completed. Congress gave the EPA until February of 2006 to issue the study, at which point both deadlines contained in Section 428(b) would have already passed. By setting the date for the technical study after the dates for the proposed and final regulations in Section 205, Congress created an irreconcilable conflict between the appropriations bills and demonstrated its intent to modify the specific deadlines in Section 428(b). As the Supreme Court has stated, "[w]hen the plain import of a later

6

1    statute directly conflicts with an earlier statute, the later

2    enactment governs, <u>regardless</u> of its compliance with any earlier-

3    enacted requirement of an express reference. . . ." <u>Lockhart v.</u>

4    <u>United States</u>, 546 U.S. 142, 126 S.Ct. 699, 704 (2005) (J. Scalia,

5    concurring) (emphasis in original).  Thus, the deadlines contained

6    in Section 428(b), the earlier appropriations bill, were

7    implicitly repealed by Section 205, the subsequent appropriations

8    bill.

9         Although there is a sound basis for finding congressional

10   intent to implicitly repeal the deadlines in Section 428(b)

11   through Section 205, the framework set forth in <u>Chevron U.S.A. v.</u>

12   <u>Natural Resources Defense Council</u>, 467 U.S. 837, 842-43 (1984) is

13   also useful for resolving this issue.  <u>See</u> <u>e.g.</u>, <u>San Francisco</u>

14   <u>Baykeeper v. Whitman</u>, 297 F.3d 877, 884-85 (9th Cir. 2002) (using

15   the Chevron analysis for a nondiscretionary duty claim against the

16   EPA).  In <u>Chevron</u> the Supreme Court stated, "if the statute is

17   silent or ambiguous with respect to the specific issue, the

18   question for the court is whether the agency's answer is based on

19   a permissible construction of the statute." <u>Chevron</u>, 467 U.S. at

20   843.  Well-accepted rules of statutory construction instruct that

21   provisions should be read in relation to one another and in the

22   context of the entire statute in which they appear, with a sense

23   of their place within the overall statutory structure.  <u>See</u> <u>Davis</u>

24   <u>v. Mich. Dept. of Treasury</u>, 489 U.S. 803, 809 (1989).  In this

25   case, the EPA contends that "when read together, sections 428(b)

26   and 205 specify no operative deadlines for issuing proposed and

27   final emission standards and instead give EPA discretion over the

28

7

**United States District Court**
For the Northern District of California

1   timing of its rulemaking."  Defs.' Reply at 5.

2        The Court agrees that the EPA's interpretation of Section 205

3   is a permissible construction as it relates to the elimination of

4   the deadlines in Section 428(b).  In Section 205, Congress

5   directed the EPA to complete the technical study by February of

6   2006 before the EPA could use any funds to publish the proposed or

7   final regulations.  Section 205, 119 Stat. at 532.  Thus, Congress

8   effectively eliminated the specific dates in 428(b), and a

9   thorough search of the legislative history provides nothing to the

10  contrary.  Without bright-line deadlines, the statute in question

11  cannot be reached by a citizen's suit.  See Defenders of Wildlife,

12  888 F.Supp. at 1008.  Once Section 205 removed the bright-line

13  deadlines, the EPA no longer had a nondiscretionary duty of

14  timeliness with respect to the emissions regulations for small

15  spark-ignition engines.  See Sierra Club v. Thomas, 828 F.2d at

16  791 ("In the absence of a readily-ascertainable deadline,

17  therefore, it will be almost impossible to conclude that Congress

18  accords a particular agency action such high priority as to impose

19  upon the agency a 'categorical mandate' that deprives it of all

20  discretion over the timing of its work.").

21       Even though the deadlines are no longer in force, the EPA's

22  substantive duty to set emissions regulations for small spark-

23  ignition engines remains.  See e.g., Environmental Defense Center

24  v. Babbitt, 73 F.3d 867, 872 (9th Cir. 1995) (the appropriations

25  rider, which withheld funding, prevented the Agency from complying

26  with the Act "until a reasonable time after appropriated funds are

27  made available").

28

United States District Court
For the Northern District of California

**2. <u>Plaintiff's unreasonable delay claim</u>**

The parties agree that Plaintiff's second cause of action, unreasonable delay under the Administrative Procedure Act, fails for lack of subject matter jurisdiction. <u>See</u> Def.'s Mot. at 9, Pl.'s Opp'n at 10. Jurisdiction arises under the APA only when "there is no other adequate remedy in court." 5 U.S.C. § 7604; <u>Bennett v. Spear</u>, 520 U.S. 154, 161-62 (1997). Because the Clean Air Act's citizen suit provision, 42 U.S.C. § 7604(a), grants jurisdiction over Plaintiff's first cause of action, jurisdiction pursuant to the APA is inappropriate and unnecessary. <u>See</u> <u>Sierra Club v. Leavitt</u>, 355 F.Supp.2d 544, 547 (D. D.C. 2005). Under Section 304(a), 42 U.S.C. § 7604(a), Plaintiff may file an action for unreasonable delay in the District Court for the District of Columbia. <u>See</u> 42 U.S.C. § 7607(b).

**V.   <u>CONCLUSION</u>**

For the reasons described herein, the Court GRANTS Defendants' Motion for Summary Judgment and DENIES Plaintiff's Cross-Motion for Summary Judgment.

IT IS SO ORDERED.

Dated: January 12, 2007

_____
UNITED STATES DISTRICT JUDGE

9