George E. Hays
236 West Portal Avenue, No. 110
San Francisco, CA  94127
Telephone: (415) 566-5414
Fax: (415) 731-1609

Amber B. Blaha (DC Bar No 471008)
U.S. Department of Justice
Environment & Natural Resources Division
Law & Policy Section
P.O. Box 4390, Ben Franklin Station
Washington, D.C. 20044-4390
Tel: 202-616-5515
Fax: 202-514-4231
amber.blaha@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ENVIRONMENTAL DEFENSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 3:06cv04273SC |
| | ) | Judge Samuel Conti |
| U.S. ENVIRONMENTAL PROTECTION | ) | |
| AGENCY and STEPHEN L. JOHNSON, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |

**JOINT STIPULATION TO VACATE JANUARY 12, 2007 ORDER
AND DISMISS CASE**

Plaintiff Environmental Defense Fund ("EDF") and Defendants Environmental

Protection Agency and Stephen L. Johnson (collectively, "EPA") jointly submit this stipulation

concerning the status of this case.  As the Court of Appeals recognized in its October 16, 2008

Order, which itself followed a joint stipulation of the parties, this case is now moot.  That same

order vacated this Court's January 12, 2007, decision under *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950).  In our view, the Court of Appeals' disposition means that there is nothing further to be decided, and that this Court should enter an order providing that, pursuant to the Court of Appeals' October 16, 2008, order, this Court's January 12, 2007, decision is vacated, and the case is dismissed with prejudice.  A proposed order to that effect is attached.

The bases for this request are as follows:

1.     This case involves EDF's claim that EPA failed to meet nondiscretionary statutory deadlines to promulgate proposed and final rules regulating the emission of air pollutants from certain new nonroad spark-ignition engines less than 50 horsepower.  On January 12, 2007, this Court issued an Order granting EPA's motion for summary judgment and denying EDF's cross-motion for summary judgment, and entered judgment in favor of EPA.  (Docket No. 25).  This Court found, *inter alia*, that there was no currently-effective statutory rulemaking deadline imposed on EPA, and thus no right to pursue a nondiscretionary duty suit under the CAA citizen suit provision.  EDF appealed this decision, and appellate briefing was completed on June 20, 2008.

2.     On September 4, 2008, the Administrator of the EPA signed the final rule entitled "Control of Emissions of Air Pollution from New Nonroad Spark-Ignition Engines, Equipment, and Vessels."  The final rule was published in the Federal Register on October 8, 2008.  73 Fed. Reg. 59,034 (Oct. 8, 2008).

3.     On October 10, 2008, the parties jointly submitted a Joint Motion to Dismiss Appeal and Vacate Decision Below Under *Munsingwear* to the Court of Appeals.  In this motion, EPA pointed out that EDF's claim that the agency has failed to comply with a nondiscretionary duty to promulgate the regulations regulating emissions from new nonroad

spark-ignition engines less than 50 horsepower has been rendered moot by EPA's promulgation of the final rule. *See, e.g., In re International Union, United Mine Workers of America*, 231 F.3d 51, 54 (D.C. Cir. 2000) (unreasonable delay claim is mooted by agency's notice of proposed rulemaking); *Action on Smoking and Health v. Dep't of Labor*, 28 F.3d 162, 164 (D.C. Cir. 1994) (same); *see also Center For Biological Diversity v. Lohn*, 511 F.3d 960, 965 (9th Cir. 2007) (agency action rendered request for injunctive and declaratory relief moot). Since the rule has already been promulgated, a decision on the merits of this case would not give EDF actual, affirmative relief. *See Koppers Industries, Inc. v. U.S. Environmental Protection Agency*, 902 F.2d 756, 758 (9th Cir. 1990). Thus, the Joint Motion pointed out, the Court of Appeals lacked jurisdiction to consider this appeal. *Id.*

4. EDF did not oppose the Joint Motion, on the condition that this Court's January 12, 2007 Order, which EDF would have no opportunity to appeal if the case was dismissed as moot, should be vacated.

5. As the parties' stipulation in the Court of Appeals explained, vacatur is this Circuit's "general practice" in appropriate cases to protect appellants against collateral consequences of an unappealable judgment. *See Center for Biological Diversity v. Lohn*, 511 F.3d at 965 (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950), and *In re Burrell*, 415 F.3d 994, 999 (9th Cir. 2005)). As the Supreme Court has explained, "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25 (1994). Likewise, the Ninth Circuit recently explained:

> When a case becomes moot on appeal, the "established practice" is to reverse or vacate the decision below with a direction to dismiss. *Arizonans for Official English v. Arizona,*

520 U.S. 43, 71, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (citing *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39 (1950)).  Vacatur in such a situation "eliminat[es] a judgment the loser was stopped from opposing on direct review." *Arizonans for Official English,* 520 U.S. at 71, 117 S.Ct. 1055.  Without vacatur, the lower court's judgment, "which in the statutory scheme was only preliminary," would escape meaningful appellate review thanks to the "happenstance" of mootness. *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950).  Under the "*Munsingwear* rule," vacatur is generally "automatic" in the Ninth Circuit when a case becomes moot on appeal.  *Publ. Util. Comm'n v. FERC,* 100 F.3d 1451, 1461 (9th Cir. 1996).

*NASD Dispute Resolution, Inc. v. Judicial Council of State of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007).EDF maintained that, if this Court's January 12, 2007 Order is not vacated, the Order could have adverse consequences for EDF.

6.      On October 16, 2008, the Ninth Circuit Court of Appeals issued an Order stating that, "Upon the parties' joint motion, this appeal is dismissed, each party to bear its own costs. The district court's decision is vacated.  The mandate shall issue forthwith."

7.      Pursuant to the Court of Appeals' October 16, 2008, Order, the parties jointly request this Court enter an order vacating its January 12, 2007 Order and dismissing this case with prejudice.

8.      The parties agree to bear their own costs.


November 20, 2008

Respectfully submitted,


For Environmental Defense Fund:


   /S/ George E. Hays
GEORGE E. HAYS
236 West Portal Avenue, No. 110
San Francisco, CA 94127
Telephone:  (415) 566-5414


Joint Stipulation to Vacate – 06-02473SC

Fax:  (415) 731-1609

Counsel for Environmental Defense


For EPA & Stephen L. Johnson:


   /s/ Amber Blaha
AMBER BLAHA
U.S. Department of Justice
Environment and Natural Resources   Division
Law & Policy Section
P.O. Box 4390, Ben Franklin Station
Washington, D.C. 20044-4390
Amber.blaha@usdoj.gov
Telephone: 202-616-5515
Fax: 202-514-4231

Counsel for the United States Environmental Protection Agency
and Stephen L. Johnson

Joint Stipulation to Vacate – 06-02473SC

1

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

3

4

5

6

7

8

9

| | |
|---|---|
| **ENVIRONMENTAL DEFENSE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. 3:06cv04273SC** |
| | )     **Judge Samuel Conti** |
| **U.S. ENVIRONMENTAL PROTECTION** | ) |
| **AGENCY and STEPHEN L. JOHNSON,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| _____ | ) |

10

11

**[PROPOSED] ORDER**

12

13

14

15

16

       Pursuant to the October 16, 2008, Order of the Court of Appeals and the parties' Joint Stipulation to Vacate January 12, 2007 Order and Dismiss Case, it is hereby ORDERED that the January 12, 2007 Order Granting Defendants' Motion for Summary Judgment and Denying Plaintiff's Cross-Motion for Summary Judgment is VACATED.  This case is DISMISSED with prejudice.  The parties are to bear their own costs.

17

18

19

SO ORDERED.

20

21

22

   11/21/08
_____
Dated

23

United States District Court Judge

24

25

IT IS SO ORDERED

Judge Samuel Conti